STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, RESPONDENT, v. GEORGE MAZA, PROSECUTOR.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the respondent, *William A. Stevens,* attorney-general.

For the prosecutor, *Nathan H. Berger.*

PER CURIAM.

The prosecutor was convicted under the Medicine and Surgery act of practicing medicine and surgery without a license, and sues out this writ to review that conviction. He claims that he merely practiced chiropractic—for which he had no license—and that this was not practicing medicine and surgery within the intendment of the act. The proofs show nothing but spinal manipulation, and direction that the patient procure an X-ray photograph, which was done.

The precise question therefore is whether chiropractic is a branch of medicine or surgery. Evidently the legislature elected so to regard it, when after passing the "Act to regulate the practice of chiropractic," chapter 4 of the laws of 1920, it repealed it the following year by chapter 136 of the laws of 1921 (*Pamph. L., p.* 268), and provided for "limited licenses" under the Medicine and Surgery act and by section 12 for the appointment on the board of medical examiners of "a reputable chiropractor practicing chiropractic in this state," who "shall represent the school of practice to which he belongs in said board." We consider that it was entirely within the power of the legislature to label chiropractic as a branch of medicine or surgery; and if the great Dr. Lorenz of Vienna, who treated disease of the joints by manipulation and received fees therefor, was practicing his profession of medicine and surgery, it would seem quite reasonable for the legislature to take a similar view of chiropractic.

This is the only real point in the case, and we deem it not well taken. The judgment and proceedings under review will be affirmed.